THE PEOPLE, ex rel. JAMES H. EVERETT et al., Appellants, *v.* THE BOARD OF SUPERVISORS OF ULSTER COUNTY, Respondent.

| 93 | 397 |
| 114 | 324 |
| 114 | 325 |
| 114 | 330 |
| 93 | 397 |
| 118 | 27 |
| 118 | 28 |
| 93 | 397 |
| 121 | 349 |
| 93 | 397 |
| 131 | 389 |

A judgment against the commissioners of highways of a town, upon a contract for the repair of a highway, does not necessarily establish any liability on the part of the town.

The commissioners have no general authority to bind the town by their contracts, and no corporate duty is imposed upon it in respect to the care of highways. The burdens assumed by it are voluntary, and the assumption must precede any authorized action on the part of the commissioners, save in the exceptional cases prescribed by statute (§ 1, chap. 103, Laws of 1858, as amended by chap. 442, Laws of 1865).

*It seems* that the commissioners themselves are charged with no duty in respect to the care of the highways of the town, save so far as they are

furnished with the power to provide, or are previously provided with funds by the town to accomplish such purpose.

The obligation imposed by the provision of the Revised Statutes (1 R. S. 501, § 1), making it the duty of commissioners of highways to give direction for the repairing of the roads and bridges in their respective towns and to cause them to be kept in repair is co-ordinate only with the means furnished as prescribed by the statute, and does not authorize, either expressly or by implication, the incurrence of any debt or obligation upon the part of the town.

The provision of the statute (1 R. S. 357, § 8), making judgments by or against town officers in actions prosecuted against them in their name of office a town charge, refers only to actions brought by or against them upon contracts authorized by statute.

In order, therefore, to make a judgment against commissioners of highways a town charge, it must have been recovered upon a liability incurred by them acting within the scope of their authority, and in such case the claim therefor must be presented, passed upon and audited by the board of town auditors.

*Van Alstyne* v. *Freday* (41 N. Y. 177), *Boots* v. *Washburn* (79 id. 207), distinguished.

In proceedings to compel defendant, by *mandamus*, to levy and assess upon the town of K., or upon territory formerly included in that town, the amount of a judgment held by plaintiffs against the commissioners of highways of the town, the only proof was the judgment-roll, by which it appeared that the cause of action arose out of a contract for the repair of the highways of the town. *Held*, that to entitle relators to maintain the proceedings, it was essential for them to show a valid judgment against the town, or such a judgment against its commissioners as precluded it from disputing its validity ; that no such judgment was established ; and that an order granting the application for the writ was error.

(Argued June 29, 1883 ; decided October 2, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made February 2, 1883, which reversed an order of Special Term directing the issuing of a writ of peremptory *mandamus* commanding defendant, the board of supervisors of Ulster county, to levy and assess a sum sufficient to pay a judgment against John Murray and others, as the commissioners of highways of the town of Kingston, upon the towns of Ulster and Kingston and part of the town of Woodstock in said county, which formerly were included in the town of Ulster, that town having been divided. (Reported below, 29 Hun, 185.)

The material facts are stated in the opinion.

*J. Newton Fiero* for appellants. Where a municipal corporation, under legislative authority, has created a valid debt, no repeal or change in the charter can, in consequence of the contract clause in the Constitution, have the effect to extinguish the debt or even to impair its obligation. (Dillon on Mun. Corp. [3d ed.], §§ 170, 173.) The appellant is not to be held responsible for the fact that the apportionment was made, or that it is based on the assessed rather than the equalized value of the towns. (9 Watts, 166; 27 Penn. St. 109; 9 Watts & Serg. 80; 3 Serg. & Rawle, 117; 2 id. 422.) It is more just and equitable to apportion the amount at once than to put it on any one town, and compel that town to resort to an action to recover the amount to be borne by the others. (*Beckwith* v. *Racine*, 7 Biss. 142; *Mt. Pleasant* v. *Beckwith*, 100 U. S. 514.) The question as to the liability of the town for this judgment in form against the commissioners of highways is not now an open question. (R. S. [7th ed.] 1213; 74 N. Y. 315; *Boots* v. *Washburn*, 79 id. 211, 213; *Van Alstyne* v. *Freday*, 41 id. 177.)

*John J. Linson* and *Howard Chipp, Jr.*, for respondent. The board of supervisors properly refused to levy the relators' judgment in accordance with relators' petition, as such levy would have been *ultra vires* and void. (3 R. S. marg. p. 474, § 102; 3 R. S. [7th ed.] 2403; Laws of 1880, chap. 554.) The judgment in question imposed no corporate liability upon the town. (*People, ex rel. Van Keuren*, v. *Auditors of Esopus*, 74 N. Y. 311; 1 R. S. 502, § 4; Laws of 1832, chap. 274; Laws of 1857, chap. 615; *Baker* v. *Loomis*, 6 Hill, 463; *Lorillard* v. *Monroe*, 11 N. Y. 392; *Boots* v. *Washburn*, 79 id. 207, 214; *Cornell* v. *Guilford*, 1 Denio, 510; *Mather* v. *Crawford*, 36 Barb. 564; *Bell* v. *Esopus*, 49 id. 506; *Morey* v. *Newfane*, 8 id. 645; *Fishkill* v. *Plankroad Co.*, 22 id. 645; *Gallatin* v. *Loucks*, 21 id. 578; *Galen* v. *Plankroad Co.*, 27 id. 543; *Galor* v. *Hewck*, 42 id. 79; Code of Civil Procedure, § 1931.) In the absence of any provision in the act dividing the town for an adjustment of liabilities, the town

of Kingston, as now constituted, as between debtor and creditor, remains solely liable for the debts of the corporation. (*Hampshire* v. *Franklin*, 16 Mass. 76 ; *Morgan* v. *Beloit City and Town,* 7 Wall. 613 ; *Town of Depere* v. *Town of Bellevue,* 31 Wis. 120 ; *People* v. *Morrell,* 21 Wend. 563 ; *Crawford Co.* v. *Iowa Co.,* 2 Chand. 14 ; *Milwaukee* v. *Milwaukee,* 12 Wis. 93 ; *Windham* v. *Portland,* 4 Mass. 334 ; *Yarmouth* v. *Skillings,* 45 Me. 133 ; *Veazie* v. *Howland,* 47 id. 127 ; *Medford* v. *Pratt,* 4 Pick. 222 ; *Montpelier* v. *E. Montpelier,* 29 Vt. 12 ; *Hartford Bridge Co.* v. *E. Hartford,* 16 Ct. 149 ; 10 How. [U. S.] 511 ; *Richards* v. *Daggett,* 4 Mass. 539 ; *Richland Co.* v. *Lawrence,* 12 Ill. 1 ; *Plunkett Township* v. *Crawford,* 27 Penn. St. 107 ; Code of Civil Procedure, §§ 1937– 1939.) If the appellants had a valid claim against the town of Kingston as formerly constituted, and if their remedy is not against the present municipality of that name, they still have a perfect remedy. (R. S. [7th ed.] 806, §§ 4, 5, 6, 10, art. 2, tit. 1, chap. 11 ; *Town of Sandlake* v. *Town of Berlin,* 2 Cow. 485.)

Ruger, Ch. J. Much of the argument in this case was taken up by the discussion of the question as to the method of procedure to be adopted in the collection of debts due from towns whose territory had been divided and town organization disbanded subsequent to the contraction of the debt. In the view we have taken, that question does not arise, and its examination is, therefore, unnecessary to the determination of the appeal.

To entitle the relators to maintain their proceedings at all, it is essential for them preliminarily to establish the existence of a valid judgment against the original town of Kingston, or such a judgment against its commissioners of highways, as precludes the town from disputing its validity.

The only support for such a claim in this case is a judgment-roll filed January 20, 1882, showing a recovery in an action in the Supreme Court by the relators against John Murray, Owen Fadden and Andrew McGuire, commissioners of highways of

the original town of Kingston, as such commissioners, for the sum of $668.49, damages and costs. This judgment, as appears by the record, was recovered upon an alleged cause of action arising out of a contract with the predecessors of such commissioners for the repair of the highways of said town. We are of the opinion that this judgment does not necessarily establish any liability on the part of the original town of Kingston to the relators in this action.

The relations existing between a town and its commissioners of highways were quite fully and explicitly defined in the opinion of Judge Andrews in *People, ex rel. Van Keuren,* v. *Board of Town Auditors* (74 N. Y. 310). It was there held that such commissioners were in no sense the agents of the town in the performance of their official duties.

While acting in that capacity, under the powers conferred upon them by statute, they proceed independently of any control or direction on the part of the town and owe it no duty or obligation, except to disburse the moneys with which they are supplied by the town, in good faith and according to their best judgment.

They have no general power or authority to bind the town by their contracts or undertakings, and are individually responsible alone to those with whom they contract, if any responsibility is thereby created.

Their power, duties and obligations are expressly defined by statute, and the manner and methods of raising funds by which they are enabled to perform such duties are pointed out and declared by express statutory enactment. (2 R. S. [7th ed.] 1214, §§ 1, 2, 3, 4, and 8; 1216, § 1; 1218, § 1; 1228, §§ 1 and 2.)

These methods do not contemplate the assumption by them of any obligations except those which bear upon them individually or are to be enforced by them against their towns in the specified cases pointed out by statute. (Chap. 103, Laws of 1858, as amended by chap. 442 of Laws of 1865.)

Under our system for the care, superintendence and regulation of highways, no corporate duty is imposed upon towns in

respect thereof, and the burdens assumed by them in reference thereto are voluntary, and must always precede any authorized action on the part of the commissioners of highways, save in the exceptional cases provided for in the Laws of 1858 and 1865, *supra*. (*Barker* v. *Loomis*, 6 Hill, 463; *People* v. *Town Auditors, supra; People, ex rel. Loomis,* v. *Board of Town Auditors,* 75 N. Y. 318.)

The statute provides the commissioners of highways with certain assessments for labor, and also with moneys not exceeding $250 in amount, annually, in each town, for the maintenance and care of its roads and bridges, but the methods by which those moneys are raised do not require the assent of the town and are altogether independent of its volition. Beyond this, any contributions or obligations by the towns for the repair of roads and bridges can be attained only through their voluntary consent, given in open town meeting in the manner provided by statute.

To impose liabilities upon towns for the repair of their roads and bridges in any other manner than that provided by the statute would defeat the policy of the law as it has stood in this State for upwards of half a century, and would require explicit statutory provision to authorize it.

Not only are the towns exempt from the burden of any general duty in respect to the care and maintenance of roads and bridges, so neither are the commissioners of highways charged with any such duty, except in so far as they are furnished with the power to provide means, or are previously provided with funds by the town to accomplish such purpose. (*People* v. *Adsit,* 2 Hill, 619; *Barker* v. *Loomis, supra.*) It is true that the statute makes it the duty of commissioners of highways "to give directions for the repairing of the roads and bridges within their respective towns," and "to cause the highways and the bridges which are, or may be erected over streams intersecting highways to be kept in repair." (2 R. S., § 1, pp. 1212, 1213), but this statute also prescribes the method of raising funds by which this duty is to be performed, and the obligations thereby imposed are co-ordinate only with the means fur-

nished to the commissioners to discharge them, and do not authorize, either expressly or by implication, the incurrence of any debt or obligation on the part of the town in carrying them into effect. The proceeding by which actions against towns, or actions in which they are interested, to charge them with a corporate liability, are maintainable, is regulated by statute, and it must be brought in the name of the town, except where otherwise provided, and process must be served upon the supervisor of the town, and he is not only required to attend to the defense of the action, but is also bound to take the advice of the electors of the town at a town meeting, in regard to the conduct of such defense. (1 R. S. [7th ed.] 840, 841.)

The careful manner in which the rights of the town are guarded by these provisions precludes the idea that all or any town officer may sue or be sued, and carry on a litigation for an indefinite time, according to their own discretion, and thereby bind the town by its result.

Section 8 of the same act, making a judgment against town officers in their names of office a town charge, refers only to such actions as are brought by or against such officers in their names of office, upon contracts authorized by statute to be made by them on behalf of the town.

To hold otherwise would enable each one of the numerous and various town officers to make contracts, however unauthorized, and permit them to be enforced against the town without its knowledge or consent, and even against its expressed corporate disapprobation.

The method by which a judgment against commissioners of highways may be enforced is prescribed by statute, and excludes the idea that it may be enforced against the town. It is expressly authorized to be collected from the property of the individual commissioners, and in no other way. (§ 1931 of the Code of Civil Procedure.) This section is substantially a re-enactment of the provisions of the Revised Statutes. (See Edm. Stat. at Large, vol. 2, pp. 496, 497, §§ 92–108.) By these provisions, in order to make such a judgment a town charge, it must have been recovered upon a liability incurred

by the commissioners acting within the scope of their authority, and the claim, therefore, must be presented to, and passed upon by, the board of town auditors. The provision requiring the claim to be presented to the board of town auditors implies the power on their part to reject it altogether, or adopt it with such modifications as they see fit to impose. (1 R. S. [7th ed.] 834, 836, 837; 2 id. 1219.)

The case of *Van Alstyne* v. *Freday* (41 N. Y. 177) does not conflict with these views.

That was an action against the commissioners of highways of a town, upon a note given by their predecessors in office, to raise money for the improvement of highways. It was held that no recovery could be had for the reason that commissioners of highways have no general authority to borrow money, and could not, therefore, bind the town in that manner. What was said therein as to a recovery being binding upon the town was not necessary to the decision of the case, and was predicated upon the proposition that such recovery was based upon a contract, made by the commissioners of highways under proper statutory authority. The case of *Boots* v. *Washburn* (79 N. Y. 207) arose under the law of 1858, as amended by the Laws of 1865, which expressly authorized the commissioners of highways to rebuild bridges when they were destroyed subsequent to town meetings, and bind the town therefor. The only question in the case was whether the defendants were liable individually or as commissioners of highways. No question was involved as to the liability of the town upon the contract declared upon, except as it was discussed incidentally in determining the character of the obligation incurred by the commissioners. It was there said, if they were charged as commissioners upon a contract which they were authorized to make, that then the town could be made to reimburse them, in the mode pointed out by statute, for the amount expended or incurred.

In this case the action in which the judgment was rendered was not brought under that statute, nor under any statute authorizing the commissioners to incur any town liability.

Without considering the other questions in the case, we think the order of the General Term should be affirmed, with costs.

All concur, except ANDREWS, J., absent.

Order affirmed.