IN THE MATTER OF THE PETITION OF CERTAIN FREEHOLDERS, OF THE TOWN OF OWASCO AND CITY OF AUBURN, FOR AN ORDER REQUIRING THE COMMISSIONER OF HIGHWAYS OF THE TOWN OF OWASCO AND THE COMMON COUNCIL OF THE CITY OF AUBURN TO BUILD, REBUILD OR REPAIR THE BRIDGE FORMERLY EXISTING BETWEEN THE SAID CITY OF AUBURN AND TOWN OF OWASCO, AT SWIFT STREET.

*Rebuilding of a bridge between two towns — 1857, chap. 639 — the court will not compel the officers to act after a long and unexplained delay in making the application — it seems that the act is not applicable to the city of Auburn.*

On or about the 31st day of January, 1887, certain freeholders of the town of Owasco and the city of Auburn, acting under the provisions of section 1 of chapter 639 of 1857, united in a petition for the building, rebuilding or repairing of a bridge, between the said city and town, over the Owasco outlet, at a street known as Swift street. No action having been taken by either the city or the town, a motion was made at a Special Term for an order requiring the commissioner of highways of Owasco and the common council of Auburn to build or repair the said bridge, which was denied.

*Held*, that, as it appeared that the approach to the bridge was destroyed more than twenty-four years ago, it might be fairly presumed that the public had abandoned the purpose of rebuilding the bridge at that place, and that the court should not, after this long and unexplained delay, attempt to put the officers of the law in motion to require them to rebuild the bridge.

*It seems*, that the provisions of the said act are not applicable to the city of Auburn, and that it was the intention of the legislature to exempt that municipality from all the general laws of the State relative to the laying out, constructing and keeping in repair the highways and bridges within its territorial limits. (Per BARKER, J.)

APPEAL from an order of the Cayuga Special Term, denying the application of certain inhabitants of the city of Auburn and the town of Owasco for an order compelling the said city and town to repair and construct a bridge over the Owasco outlet, under and in pursuance of the provisions of chapter 639 of the Laws of 1857.

*C. S. Aiken*, for the appellant.

*J. W. O'Brien*, for the city of Auburn.

BARKER, J.:

The Owasco outlet is the boundary line between the city of Auburn and the town of Owasco. The bridge crossing the said

stream on the said boundary line was broken down in the year 1863, and has not been restored. These proceedings were instituted for the purpose of securing the building of a bridge at the place of its former location, under and in pursuance of the act of 1857. The petitioners, more than three in number, were inhabitants of said city and town, and their application was opposed by the highway commissioner of the town and the common council of the city of Auburn. We are not advised by the record upon what ground the Special Term refused to order the commissioner of the town and the common council of the city to rebuild the bridge, or to appoint a referee to ascertain the requisite facts relative to the reconstruction of the same.

We think the order should be affirmed, for the reason that, the provisions of the said act are not applicable to the city of Auburn, and that it was the intention of the legislature to exempt that municipality from all the general laws of the State relative to the laying out, construction and keeping in repair the highways and bridges within its territorial limits. Neither the common council nor any of the city officers have conferred upon them the powers and duties possessed by highway commissioners of the respective towns throughout the State. Under the charter, the common council are vested with the power, to be exercised in a particular manner, to cause bridges within the territorial limits to be erected and kept in repair, and the mode and manner of procuring the funds are specially marked out; and a limitation is fixed, as to the sum which may be raised annually for such purposes; and a debt cannot be created upon the credit of the city for such purposes. (Laws of 1879, tit. 8, §§ 86, 87 and 103 of chap. 53.) In terms the general law under which these proceedings were initiated are only applicable to adjoining towns, as such, in which, respectively, the highways and bridges are under the care and management of commissioners of highways chosen and elected in the manner provided by statute. Upon an order being made by the Supreme Court requiring the rebuilding or repairing of a bridge, the commissioners for the respective towns may cause the expenses thereof to be paid out of any funds in their hands applicable thereto; and in case no funds or an inadequate amount thereof are on hand, they shall cause the same to be built, rebuilt or repaired, upon the credit of the town,

and the commissioners are authorized to enter into a contract with any contractor for building, rebuilding or repairing such bridge, pledging the credit of such town for the payment of its appropriate share, so far as the same may be done by the commissioner upon credit. (See § 4, chap. 639, of 1857) No such power is conferred upon the common council, or other board or officer representing the municipal corporation sought to be charged in part, with the expense of erecting the bridge in question. The commissioners of highways for the respective towns in this State are not the agents of the towns in which they are chosen, but are public officers, charged with the duty imposed upon them by the provisions of the Revised Statute, and do not represent the town in its corporate capacity. (*People ex rel. Everett* v. *Board of Supervisors*, 93 N. Y., 397.)

As to the common council and other officers of the city of Auburn, they represent the municipality, with limited and defined powers, as therein expressed in the charter, which cannot be enlarged so as to bind the corporation by the order or direction of the court, under the provisions of the act upon which these proceedings are founded. The provision found in section 143 of the charter, that the city should be considered as one of the towns of Cayuga county, except as is otherwise in the charter provided, does not have the effect to bring it under the provisions of the said act, for the reason that there were other provisions of the charter providing for the erection and maintenance of bridges, and the mode and manner of securing the money to defray the expenses thereof. It has been held, in some of the States, that the general road law does not apply to incorporate places having special power to regulate and improve the streets within their corporate limits. (*Cross* v. *Morristown*, 18 N. J. Eq., 305; *State* v. *Morristown*, 33 N. J. Law, 57; Dillon on Mun. Corp., §§ 534–538, inclusive.)

In this State, as a general rule, the power conferred upon municipal corporations, in respect to streets and bridges within their limits, are separate and independent of the general laws relating to the management of highways in the towns and counties, and after an examination of all the provisions of the charter of the city of Auburn, we are unable to discover any intention on the part of the legislature to subject it to the provisions of the said enactment.

As the approach to the bridge was destroyed more than twenty-

four years ago, it may be fairly presumed that the public have abandoned the purpose of rebuilding the bridge at that place. At least, we are all clearly of the opinion that this court should not attempt to put the officers of the law in motion requiring them to rebuild the bridge after this long and unexplained delay.

The order appealed from should be affirmed, without costs to either party.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concur upon the last ground stated in the opinion.

Order affirmed, without costs.