CALVIN ROBINSON, Respondent, *v.* TOWN OF FOWLER, Appellant.

*Appropriations for highways made by a town — the highway commissioner is not its agent — it is not liable for his negligence — statutes changing the common law.*

A master owes the duty to his employees to intrust the handling of dangerous material only to competent and careful workmen.

A town by making an appropriation, asked for by a highway commissioner in order that he may do the work he is called upon to perform on roads and bridges, cannot be deemed to be the party who prosecutes the work afterwards ordered by such commissioner.

A town, in its corporate capacity has no control over highways, and is under no obligation to keep them in repair, nor has it the right, by reason of the provisions of chapter 700 of the Laws of 1881, or of section 16 of chapter 568 of the Laws of 1890, to repair highways or bridges, or divest the commissioners of highways of control thereof.

The provisions of section 182 of chapter 569 of the Laws of 1890 do not enlarge the liability of towns for the acts of town officers, except as plainly declared in the statute.

A town is not liable for the negligence of its highway commissioner while engaged in the prosecution of the work of repairing the highways under his jurisdiction.

Statutes changing the common law must be strictly construed, and the common law must be held to be no further abrogated than the clear import of the language used in the statutes absolutely requires.

APPEAL by the defendant, the Town of Fowler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of St. Lawrence on the 8th day of May, 1893, upon the verdict of a jury rendered after a trial at the St. Lawrence Circuit, and also from an order entered in said clerk's office denying the defendant's motion for a new trial made upon the minutes.

*V. P. Abbott*, for the appellant.

*Levi H. Brown*, for the respondent.

PUTNAM, J. :

This action was brought to recover damages for injuries received by plaintiff in May, 1891, while at work under the direction of Aschel C. Johnson, the highway commissioner elected for the town of Fowler, in blasting rock for the purpose of widening the roadway in one of the highways of said town and making it of sufficient width to enable vehicles to pass each other. Johnson employed plaintiff and other workmen in such blasting. The testimony also shows that he hired one Abner Wight to superintend the work; that Wight was inexperienced and unskilled in blasting with dynamite, which explosive was used in the work in question. On the 28th of May, 1891, several blasts were set off; an inspection should have been directed by Wight after the blast to determine whether the explosion was complete, but no such inspection was made. The next morning Wight ordered plaintiff and one Harmon to drill deeper a hole that had been made the day before. Obeying such direction, and in ignorance that there was any dynamite in the hole, plaintiff and Harmon commenced work, Harmon holding the drill and Wight and plaintiff striking it. At the first heavy blow an explosion occurred and plaintiff received the injuries to recover

the damages resulting from which the action is brought. We are not prepared to say that if an action can be maintained against a town for injuries received by one employed by a commissioner of highways to aid in repairing a road, in consequence of the negligent manner in which said work is conducted, the trial court erred in submitting to the jury the question whether or not the highway commissioner of the town of Fowler performed the duty he owed to plaintiff as an employer to select competent workmen to superintend the work of blasting with dynamite. There was testimony from which the jury could have properly found that the commissioner employed Wight to superintend the job and that he was incompetent.

The master owes the duty to his employee to intrust the handling of dangerous material only to competent and careful workmen. (*Stewart* v. *The N. Y., O. & W. R. R. Co.*, 28 N. Y. St. Repr. 215; *Mann* v. *President, etc., of D. & H. C. Co.*, 91 N. Y. 495–500.) In the view we have taken of the case, however, we do not deem it necessary to discuss this question.

On the trial, after the case had been opened to the jury by the plaintiff, the defendant moved for a nonsuit on the ground : " That facts sufficient are not stated to constitute a cause of action against the town." The trial judge remarked : " The acts of 1881 and 1890 do not create a liability, but at the same time they do impose such duties upon the municipality, the town, that the town may lawfully take charge of and improve the highways; and if the town undertakes to do that, it must be held to the same accountability that an individual or a corporation would be if it undertook such work. It becomes one of the incidental duties of the town, which, in the exercise of its corporate powers, it may perform. Therefore, if the town undertakes to do this work, it must be held to the same rule as an individual or a corporation." And the case was tried and submitted to the jury by the learned trial judge on the assumption that the work of blasting, in the prosecution of which the plaintiff was injured, was done by the town of Fowler and not by the highway commissioner of the town.

In this assumption, we think, the court below erred.

*First.* There was no sufficient evidence given on the trial to show that the blasting, done under the direction of Highway Com-

missioner Johnson at Popple Hill, was work undertaken by the defendant. The testimony merely shows that Johnson, as highway commissioner, posted the usual notices in regard to the appropriations he proposed to ask for at the town meeting, and that such appropriations were made by the electors of the town. This has always been the course adopted in the raising of money for the repairing of highways and bridges in towns, and the town, by making the appropriations asked for by the highway commissioner, in order that he may do the work he is called upon to perform on roads and bridges, cannot be deemed to be the party who prosecutes the work afterwards ordered by the commissioner.

*Second.* We are of the opinion that the town had no power to do the work in question. The blasting at Popple Hill was done to repair a highway in said town. The roadway was too narrow, and to make it wider so that wagons could pass each other this job of blasting was undertaken. It has been deemed well settled that a town in its corporate capacity has no control over and is under no obligation to keep highways in repair. (*People ex rel. Loomis* v. *Board of Town Auditors,* 75 N. Y. 316; *People ex rel. Van Keuren* v. *Town Auditors,* 74 id. 310–315.)

In the case last cited ANDREWS, J., uses the following language: "Under our system no corporate duty is imposed upon towns in respect to the care, superintendence or regulation of highways within their limits. Commissioners of highways have, by the statute, the care and superintendence of highways (1 R. S. 501, § 1), and in the administration of the highway system they, and the overseers of highways in subordination to them, are independent public officers, exercising public powers, and charged with public duties specially prescribed by law."

We are not aware that any change has been made in regard to the control or repairing of highways in towns since the above cases were decided. It is true that by chapter 700 of the Laws of 1881 towns were made liable for damages suffered by any person by reason of defective highways or bridges in cases where the commissioners of highways in such towns were before liable. This statute was substantially re-enacted in chapter 568, Laws of 1890, section 16. But these statutes did not give to towns the right to repair highways or bridges or divest the commmissioners of highways of control thereof.

(*Bidwell* v. *Town of Murray*, 40 Hun, 190–193 ; *Rhines* v. *Town of Royalton*, 11 N. Y. St. Repr. 231 ; *Clapper* v. *Town of Waterford*, 131 N. Y. 382–389.)

In the case last cited O'BRIEN, J., remarked : "The act of 1881 has not changed the powers or duties of the commissioner of highways. He still has charge of the roads and bridges in the town, and it is his duty to keep them in repair. The town is liable only when negligence on the part of the commissioner is shown, and he is not guilty of negligence in omitting to make repairs when he has no funds in his hands."

We conclude that the work of repairing the highway at Popple Hill, in the prosecution of which the plaintiff was injured, was done by Johnson, the commissioner of highways of the town of Fowler, and that it was work the defendant had no power to perform, and, as a matter of fact, did not undertake to do.

It is not claimed by the learned counsel for the respondent that the action could be maintained under the provisions contained in the acts of 1881 or 1890, above referred to. Those statutes only give a right of action for damages to persons or property occasioned by a defective highway. This action was brought for alleged negligence of the town, its agents or servants, while engaged in the work of repairing the highway.

It was held by the trial court that the acts of 1881 and 1890 imposed such duties and liabilities upon the town in reference to the highways that it could lawfully take charge of and improve them. The decision in *Clapper* v. *The Town of Waterford* (*supra*) and other cases cited seems to render a discussion of this proposition unnecessary.

In *Bidwell* v. *Town of Murray* (*supra*) the following language is used : "The statute in question does not change the relation of the town to the highways in the town or to the commissioner so far as relates to the control and supervision of them and the duty to keep them in repair. That duty is still upon those officers as such and not as agents of the town, to which no corporate power is given in that respect."

The counsel for the respondent calls our attention to the fact that chapter 569 of the Laws of 1890 declares the town a municipal cor-

poration, and section 182 of said act provides that any action for any liability of the town, for acts or omissions of its town officers, shall be in the name of the town. But it will be observed that the section referred to only authorizes such an action where there is a liability of the town. The section in question of the act of 1890, under principles that are well settled, cannot be deemed to enlarge the liability of towns for the acts of town officers, except as plainly declared in the statute.

Our attention is also called to numerous acts passed by the Legislature of the State by which the powers and liabilities of towns are affected or increased. But such statutes cannot be deemed to enlarge or increase the liabilities of towns except to the extent specifically prescribed therein.

It is well settled " that statutes changing the common law must be strictly construed, and that the common law must be held no further abrogated than the clear import of the language used in the statutes absolutely requires.' (*Fitzgerald* v. *Quann*, 109 N. Y. 441–445.) We are not referred to any statute that confers upon towns the right to engage in the work of repairing the highways and bridges or which divests the commissioners of highways of towns of their power over the roads therein.

We conclude, therefore, that the work of repairing the highway at Popple Hill was not work done by the defendant, but was prosecuted by Johnson, the highway commissioner, and that for his negligence while engaged on that work an action cannot be maintained against the town.

It follows that defendant's motion for a dismissal of the complaint on the opening of the case by plaintiff should have been granted, and, hence, that the judgment should be reversed and a new trial granted, costs to abide the event.

MAYHAM, P. J., concurred; HERRICK, J., concurred in result.

Judgment reversed and new trial granted, costs to abide event.