(14 Misc. Rep. 217.)

PEOPLE ex rel. BOWLES v. BURRELL et al., Auditors.

(Supreme Court, Special Term, Monroe County. October 15, 1895.)

1. TOWNS—COMMISSIONERS OF HIGHWAYS—AUTHORITY TO BIND TOWN.
    Highway commissioners of a town have not authority to purchase materials for the repair of the highways on the credit of the town.
2. SAME—CUSTOM—EFFECT.
    The fact that it has been the custom for the commissioners of highways to purchase materials for the repair of the highways on the credit of the town does not render the town liable for such purchases.

Application by Thomas W. Bowles for a writ of mandamus against Allen M. Burrell and others, town auditors of the town of Canisteo. Denied.

A. H. Burrell, for relator.
M. M. Acker and F. H. Robinson, for defendants.

RUMSEY, J.　It appears from the affidavits presented upon this application that during the year 1894 the relator sold and delivered to the highway commissioner of the town of Canisteo a large quantity of plank, timber, and piles, to be used, and which were used, in the repair of the roads and bridges of said town.　His account was presented to the board of audit at the proper time in the fall of the year 1894.　It was objected to, and after some hesitation the town board refused to audit it.　He makes this motion to procure a writ of mandamus to require them to audit this account.　It appears, and is not disputed, that, at the time the highway commissioner ordered this material from the relator, he had in his hands a small sum of money, which might have been devoted to that purpose, which he did not see fit to do.　This, however, is not a matter of any importance, because, if the highway commissioner had the power to pledge the credit of the town for these materials, to be used in the repair of the roads and bridges, it makes no difference, so far as the rights of the relator are concerned, whether he had the money in his hands to pay the amount, or not.　The sole question presented upon this motion is whether or not he had the right to buy these materials upon credit.　In the case of People v. Board of Supervisors, 93 N. Y. 397, it appeared that a judgment had been recovered against the commissioner of highways of the town of Kingston, arising out of a contract with the commissioner for the repair of the highways of the town.　It was claimed by the relator, who was the judgment creditor, that the judgment against the commissioner was a claim against the town, and that it was the duty of the board of supervisors to spread the amount of it upon the tax roll of the town, that it might be collected.　This the board of supervisors refused to do, and thereupon the relator sought to compel them to do it by mandamus.　It was objected that the judgment against the commissioner was not a judgment against the town, for the reason that the commissioner of highways had no power to contract a debt upon the credit of the town to enable him to perform the duties of his office.　So it will be perceived that the question presented there is almost precisely the question presented here; that is, whether or not the commissioner of highways of a town has the right to pledge the credit of a town for the repair of the highways and bridges.　It was decided in the case cited that no such power existed, and that the town was not liable for a debt contracted by the commissioner for any such purpose.　It is not necessary to examine into the authorities upon that question, because the case cited is full and complete authority, and necessarily decisive of it.　It is quite true that this case was decided before the highway law which took effect in 1892, but a careful examination of that law satisfies me that it created no change in the powers of the highway commissioner, and that the town is no more liable for his acts in the purchase of material for the repair of the roads since the passage of that law than it was before.

But it is claimed on the part of the relator that by a long course of dealing the custom has been established in the town of Canisteo of buying materials upon credit for the repair of the highway, and

that, the relator having sold the lumber in reliance upon that custom, he ought not to be precluded from having his pay. Undoubtedly, where one man is dealing with another, and by a long-continued course of dealing a custom has been established between them with regard to their business, upon which one of them relies, he has a right to depend upon that as the basis of the contract with the other man, and to appeal to it to enable him to recover, when his right is disputed. But that rule of law only applies in a case where the parties have the power to make the contract upon which the recovery is based. That is not the case here. The commissioner of highways is not the agent of the town. He is required only to perform such duties as the law imposes upon him, and those duties are public in their nature, and are imposed upon him, and not upon the town. He may bind the town, to be sure, by his negligence in performing those duties; but that is not because he is the agent of the town, but because the law says that the town shall be responsible for his failure to perform the act which the law makes it his duty to do. So far as the town is concerned, his powers are laid down in the statute, and the statute nowhere gives him the power to bind the town by contracting a debt. Towns, in this state, are municipal bodies created by the statute. They themselves have no original powers or rights, nor any rights except such as the statute gives them. In these respects they differ widely from the towns of Massachusetts and some of the New England states, which are original corporate bodies, existing by the agreement of the inhabitants, and in some cases before the state or colony itself came into being. In these states it has been held that under certain circumstances the town is bound by a well-established custom, but that rule of law does not apply in this state. The town itself can contract no liability, in this state, except such as the law permits. Lorillard v. Town of Monroe, 11 N. Y. 392; Wells v. Town of Salina, 119 N. Y. 280, 23 N. E. 870; Morson v. Town of Gravesend, 89 Hun, 52, 35 N. Y. Supp. 94. Much less can officers of the town, like commissioners of highways, overseers of the poor, and assessors, who are not in any respect agents of the town, but public officers charged with public duties by the legislature of the state, contract a debt against the town which it could not contract itself. For these reasons the motion for a mandamus must be denied, with $10 costs.