PEOPLE ex rel. PETERSON v. CLARK et al.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

TOWNS—HIGHWAYS—ASSESSMENTS—APPROPRIATION.

> A town board, having made assessments, under Laws 1890, c. 568, § 19, for "improvements necessary to be made on" highways for a coming year, pursuant to an estimate of the commissioner of highways, has no power to appropriate the money so raised to the payment of the expenses of road improvements for a year prior to the assessment, in excess of the appropriations of previous years, as the commissioner has no power to create a debt against the town, except by first obtaining the board's consent, under section 10, before making any improvements.

Appeal from special term, Columbia county.

Certiorari, on the relation of George W. Peterson, against J. Thornton Clark, supervisor, and others, composing the town board of Austerlitz, to set aside a determination of the board to allow a claim of the highway commissioner. From a judgment for the board, relator appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Sanford W. Smith, for appellant.

A. B. Gardenier, for respondents.

PER CURIAM. In pursuance of a resolution of the board of supervisors of the county of Columbia passed at its annual session in the fall of 1898, the sum of $415 was levied and assessed upon the taxable property of the town of Austerlitz, in said county, for highway purposes, which sum was collected in January, 1899, and was paid over to C. Robert Grant, sole commissioner of highways of said town. The appropriation was applied to the payment of highway indebtedness incurred in the year preceding that for which said sum of $415 was raised for highway purposes. It appears from the return that the fiscal year of the town ended March 14, 1899. The commissioner of highways presented to the town board a report dated March 8, 1899, which he states to be a "report for the year ending March, 1899," in which he says, "I have paid out during the said year, for which I have receipts, the following sums." Then follows a statement of items aggregating $414.90. The amount of such claim was allowed, with the exception of $6, which left a balance in the hands of such commissioner, due the town, of $6.10.

The learned counsel for the defendants, among other questions, submits for our consideration the following:

"Whether a commissioner of highways can lawfully apply moneys raised for repairs and improvements to highways and bridges for one year to the payment of debts incurred for like purposes in a previous year."

We are of the opinion that it was beyond the power of the commissioner of highways to create a debt against the town of Austerlitz for repairs on the highways beyond the appropriation of that year, except in the way provided by statute. Section 19 of the highway law (chapter 568, Laws 1890) provides that commissioners of highways shall also make at the second meeting of the town board in each year "a statement of the improvements necessary to be made on such highways and bridges, and an estimate of the probable expense thereof, beyond what the labor to be assessed in that year will accomplish; a duplicate of which shall be delivered by the commissioners to the supervisor of the town, who shall present such duplicate statement to the board of supervisors, who shall cause the amount so estimated, not exceeding five hundred dollars in any one year, to be assessed, levied and collected, in such town, in the same manner as other town charges." This is intended to provide for the highway expenses of the ensuing year. If in the preceding year the appropriation made was insufficient to keep in repair the highways and bridges, the proper procedure for the highway commissioner, and the only way by which he could create an obligation against the town, was to apply, under the provisions of section 10 of the highway law, to the town board, for its consent to make the improvements required; and section 11 of the act provides a method by which he could obtain payment therefor. It is not claimed that the commissioner obtained the consent of the town board to make the improvements in the preceding year, for which he had insufficient funds to pay. We are unable to find in the highway law, or other statutes of the state, any provision authorizing a highway commissioner to create a debt against a town, except in the manner provided in the tenth section of the highway

law. Unless the amount expended by the commissioner the previous year was a legal claim against the town, he had no authority to retain the money of the town raised to keep in repair the highways and bridges therein for the ensuing · year, nor had the town board authority to allow his claim. We think it is clear that, under the provisions of the highway law, the money raised in January, 1899, for improvements to be made on the highways of the town, could not legally be expended or used to pay expenses made by the commissioner on account of the highways and bridges beyond the appropriation of the prior year. Such expenditure was unauthorized, and created no legal claim against the town. People v. Board of Sup'rs of Ulster Co., 93 N. Y. 397; People v. Board of .Town Auditors of Town of Esopus, 74 N. Y. 310; People v. Board of Sup'rs of Warren Co., 82 Hun, 298, 31 N. Y. Supp. 248.

We should prefer to reach another conclusion, for the reason that the town of Austerlitz appears to have had the benefit of the team work and expenditures on the highway made by the highway commissioner, and it is not suggested that his claim, if authorized by statute, was not a just and reasonable one. But, under the provisions of the highway law referred to, and the authorities above cited, we feel compelled to hold the action of the town board in allowing the demand in question unauthorized. The determination of the town board, allowing the claim of the highway commissioner at $408.90, should be reversed, with costs of this appeal to the relator.

PUTNAM, J., not voting..

Determination of the town board reversed, with $50 costs to the relator.