## SNOWDEN v. TOWN OF SOMERSET.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. MUNICIPAL CORPORATIONS—EXCAVATION OF HIGHWAYS—NEGLIGENCE.

A town's commissioner of highways is not negligent in failing to sufficiently guard a sluice in a highway which was little used by the public, while he was repairing it, where, on leaving the work for the night, he placed heavy tiling on end on either side of the sluice, some distance from it, and extending entirely across the traveled portion of the highway.

2. APPEAL—HARMLESS ERROR.

An inadvertent error in a charge, to which no exception was taken, and which was not misleading, is not cause for reversal.

Appeal from trial term, Niagara county.

Action by Sarah J. Snowden against the town of Somerset to recover damages for injuries sustained in a highway, alleged to have been occasioned by defendant's negligence. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

Eugene M. Ashley and Edward R. O'Malley, for appellant.
S. Wallace Dempsey, for respondent.

SPRING, J. I am satisfied from the testimony that the negligence of the highway commissioner was not established, but, on the contrary, he exhibited the requisite care and vigilance in the performance of his duty. The sluice was on a short strip of road, about one mile in length, connecting two other highways. There were only three residences on this road, and it was traveled but little. The plaintiff's home was nearest to the sluice, and she was thoroughly familiar with the road and with all the surroundings. The commissioner of highways was engaged in repairing the sluice. The plank had been removed, and the ditch cleaned out, and the commissioner directed the man who was doing the work, when he ceased for the night, to place five pieces of tiling on either side of the open sluice, as a barricade for the protection of travelers using the road. This was done, and these pieces of tiling were placed diagonally across the beaten track on each side of the sluice, and about 70 feet distant from it; extending entirely across the traveled portion of the highway, which was narrow. Each section of tile was about 27 inches in height and 20 inches in diameter, with a projecting flange, making it difficult to upset it, and weighed 175 pounds. The evening when the accident occurred was dark, and there was a heavy rainstorm. The plaintiff's husband had been to a pioneers' picnic with his team and lumber wagon, containing the plaintiff and their children, and they were returning home. The husband was driving rapidly, and struck this tier of tile, knocking down two of them, without checking the speed of his team, and they ran into this ditch; and the plaintiff, in endeavoring, in her fright, to alight from the wagon, was landed in the sluice-way or ditch, sustaining injuries. The town does not become the in-

surer of those using its highways. It is responsible for the official carelessness and neglect of its highway commissioner. The duty imposed upon him is relative. The same vigilance exacted in a populous village, or in looking after a much-frequented road, is not required in a byroad little used. Glasier v. Town of Hebron, 131 N. Y. 447, 30 N. E. 239. He is called upon, in protecting travelers, to use the appliances and precautions common and usual in rural communities. As was said in Waller v. Town of Hebron, 5 App. Div. 577, 39 N. Y. Supp. 381:

"There must be such care and conduct on the part of the commissioner as a reasonable and prudent person would ordinarily have exercised under the circumstances of the situation."

The tile, in any instance but an extraordinary emergency, would have been an adequate barricade. No guard could have been more serviceable, except, possibly, lights, and they would have been liable to be extinguished during the heavy downpour of rain that evening. It is usual, where a bridge is gone, or a part of the highway is dangerous, to warn travelers of the defect by a board, nailed to two posts, extending across the traveled portion of the road. That has always been regarded as an effective barrier, and yet it would not seem to be a superior guard to the one used in the present case. The test, in judging the conduct of the commissioner, is, did he exercise the care and caution which an official in a rural community, charged with looking after many miles of highway, ought to have manifested? As a matter of law, on the undisputed evidence in this case, I am convinced he fulfilled his duty, and erected a barricade commensurate with the situation. He could not apprehend that a team, in traveling along this highway, would come in contact with these five large pieces of tiling, with sufficient force to overturn them. See Beltz v. City of Yonkers, 148 N. Y. 67, 42 N. E. 401. While, ordinarily, it is for the jury to determine whether or not negligence has been proven, the facts in this case did not warrant the submission of that question. No imputation of remissness can be hinged upon the active vigilance of this official, and a nonsuit should have been granted. As was said in Lane v. Town of Hancock, 142 N. Y. 510–519, 37 N. E. 473:

"But in every case there is always a preliminary question for the court,—as to whether there is any evidence upon which a jury could properly find a verdict for the party producing it, and upon whom the burden of proof is imposed. If there is not, the court must direct a nonsuit or a verdict, as the case may require."

In his charge to the jury, the trial judge, in commenting upon what it was essential to prove, used interchangeably the terms "defendant" and "the officers of the town." He did not state that it was incumbent upon the plaintiff to establish that the commissioner of highways was responsible, before a recovery could be had. In the main, he said "defendant," and did not use the word "commissioner." No exception was taken to the charge, pertaining to this inadvertent error. No one was misled by it. In fact, the defendant's counsel requested the court to charge:

"I ask the court to charge the jury that, in respect to county roads, towns are not bound to exercise the same degree of vigilance in grading and in the

care of highways as is demanded in respect to streets in more thickly settled communities."

The trial had been conducted throughout upon the assumption that the conduct of the commissioner was the pivotal question. His connection with the repair of the sluice, with the placing of the tiling in the highway, and the sufficiency of this barricade made by him, had been the chief factors in the trial. The defendant does not now complain of the erroneous instruction, and it seems to me unwise for this court to intervene and reverse for a harmless error, not deemed of sufficient moment to call for correction by the skillful counsel representing the defendant, especialy where there is a vital error calling for our interference.

The judgment is reversed on the first ground stated, and a new trial ordered, with costs to the appellant to abide the event.

McLENNAN and LAUGHLIN, JJ., concur. WILLIAMS, J., favors reversal, in opinion. ADAMS, P. J., concurs in result.

WILLIAMS, J. The action was brought to recover damages for injuries to the plaintiff alleged to have been sustained by reason of a defective highway in the defendant's town. The right to recover was based upon the alleged negligence, not of the town itself, but of its commissioner of highways. The complaint alleged the negligence of the commissioner, and not of the town. The town could be guilty of no negligence, because it had no duty imposed upon it, to keep the highways within its bounds in repair, or in a reasonably safe condition for public travel. That duty was imposed by law upon the commissioner, and not upon the town. Formerly the action could only be maintained against the commissioner for his negligence, but in 1881, by chapter 700, the legislature provided that the town should be liable, to any person suffering the same, for all damages to person or property by reason of defective highways in the town, in cases in which the commissioner of highways was then by law liable therefor, instead of the commissioner; and substantially the same provision was carried into the highway law (Laws 1890, c. 568, § 16), and the act of 1881 was thereby repealed. Under these acts the basis of liability was still the negligence of the commissioner, and not of the town. Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473; Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657; Young v. Town of Macomb, 11 App. Div. 480, 42 N. Y. Supp. 351. The question to be submitted to the jury was whether the commissioner was guilty of negligence, not whether the town was. If the commissioner was guilty of negligence, the recovery could be had against the town; otherwise, not. The town, as already stated, had no duty imposed upon it to care for highways, and could be guilty of no negligence for failure to care for them. These principles have been well settled for many years. The attorney for plaintiff seems to have had them in mind when he drew his complaint, but to have forgotten them in the trial of the case. The case presents this strange condition of things: That the trial justice entirely disregarded these principles in submitting the issues to the jury. He told the jury that the town had the duty imposed upon it to keep

the highways in a reasonably safe condition for public travel; that a neglect to perform this duty constituted negligence of the town, for which recovery could be had by plaintiff, if she were shown free from negligence herself; and the verdict of the jury was based upon a finding that the defendant was guilty of negligence, and not upon any finding that the commissioner of highways was guilty of any negligence whatever. This condition of things cannot be relieved by any suggestion that the negligence of the commissioner was imputable to the town, and might therefore be called or said to be the negligence of the town itself, because such is not the fact. The town, as such, never had any duty with reference to highways imposed upon it. The town never had any power to lay out or discontinue a highway, or to improve or repair it. The commissioner of highways, though a town officer, was in the sole care of the highways, and the town had no right to direct his actions with reference thereto, and was never liable or responsible for his neglect of duty, or for any defective condition of the highways, until the passage of the act of 1881, hereinbefore referred to; and the only effect of that act, and of the provision of the highway law of 1890, which took its place, was to provide that the action should be brought against the town, instead of the commissioner. The issues were precisely the same. The evidence would be the same in the new as the old form of action. The attorneys neither of them excepted to the charge, or called the attention of the court to the errors to which attention is here directed, but consent cannot give validity to a verdict like this against a town. It should not stand, based upon such a wholly erroneous submission of the case to the jury. We cannot consider the questions raised here without reversing the judgment. Are we asked to say that the evidence was not sufficient to support the finding of the jury that the defendant was guilty of negligence? We must say it certainly was not sufficient. There was, and could be, no evidence whatever that the defendant was guilty of negligence. Are we asked to say that there was sufficient evidence to sustain a finding that the commissioner was guilty of negligence? We say that no such question is presented here. No such question was submitted to the jury, and no such finding was made. But further comment is unnecessary. The case must be sent back for a new trial, and should be presented to a jury upon the proper basis of negligence,—that of the commissioner of highways, and not that of the town. The judgment and order appealed from should be reversed, and a new trial ordered, with costs of appeal to appellant, to abide event.