The motion to set aside the indictment is, therefore, denied.

Motion denied.

JOHN LYTH & SONS, Respondents, *v.* THE TOWN OF EVANS, Appellant.

(County Court, Erie County, November, 1900.)

Highways — The commissioner, and not the town, is liable on his contract for ordinary repairs.

> Neither the Town nor the Highway Law has changed the old rule that a commissioner of highways cannot create any liability upon the part of his town to pay for materials ordered by him for the ordinary repair of town highways.
>
> Highway commissioners are charged with the duty of keeping town highways in repair as independent officers and not as agents of the town, and when they contract for such ordinary repairs it is as such officers and they and not the town should be sued for the debt.

APPEAL from a judgment rendered in a Justices' Court.

Action to recover the value of certain sewer pipe sold and delivered at the special instance and request of the commissioner of highways of the town of Evans.

Fred. J. Blackman, for appellant.

Wm. L. Annis, for respondents.

EMERY, J. This is an appeal from a judgment rendered in Justice's Court, on the 30th day of January, 1900, in favor of the plaintiffs. The action was brought to recover the value of certain sewer pipe sold and delivered at the special instance and request of the commissioner of highways of the town of Evans,

and which was used in draining and repairing the highways in said town.

It is not disputed, and cannot be, that, prior to the enactment of the Highway Law (ch. 568) and the Town Law (ch. 569), in the year 1890, this action could not be maintained against the town; but it is insisted, on behalf of the plaintiffs, that, by reason of certain provisions contained in these laws, the legal relations of the commissioners of highways to the town, as theretofore existing, have been materially and substantially altered, so that now they are authorized to contract for and in behalf of the town, and to create a direct liability against it, as agents of the town. That is the principal question presented on this appeal. In the first place, I will present the statutory provisions bearing upon the subject-matter, and then refer to the adjudications that have been made since their enactment. The Highway Law provides (§ 4) that the commissioners of highways in the several towns shall have the care and superintendence of the highways and bridges therein; and they shall cause such highways and bridges to be kept in repair, and give necessary directions therefor. And further, that they shall expend all moneys raised and collected from the town at large for highway purposes, upon the highways and bridges situated in, or upon the borders of the town or highway districts assigned to the town in which such moneys were raised and collected, in such proportion as they may deem just and proper. By section 10, provision is made for extraordinary repairs of highways and bridges. If any highway or bridge shall at any time be damaged or destroyed by the elements or otherwise, or become unsafe, the commissioner of highways may, with the consent of the town board, cause the same to be immediately repaired or rebuilt, although the expenditure of money required may exceed the sum raised for such purposes as hereinbefore provided; and the commissioner shall present the proper vouchers for the expense thereof to the town board at their next annual meeting, and the same shall be audited by them and collected in the same manner as amounts voted at town meeting.

Section 11 provides for auditing the expense incurred in making such extraordinary repairs. The town board may be convened in special session by the supervisor, or, in his absence, by the town clerk, upon the written request of any commissioner of highways,

and the bills and expenses incurred in the erection or repairs of any such highways or bridges may then be presented to, and audited by, the town board; and the supervisor and town clerk shall issue a certificate to be subscribed by them, setting forth the amount so audited and allowed, and in whose favor, and the nature of the work done and material furnished, and such certificate shall bear interest from its date, and the amount thereof, with interest, shall be levied and collected in the same manner as the other town expenses.

Section 12 provides that " No account for services rendered, or material furnished according to the provisions of this chapter, shall be allowed by such board unless the same shall be verified in the same manner as town accounts are required by law to be verified, nor unless the commissioners of highways shall certify that the service has been actually performed, and the material was actually furnished, and that the same was so performed or furnished by the request of such commissioners; and the town board may require and take such other proof as they may deem proper, to establish any claim for such labor and material, and the value thereof."

By section 13, the commissioners of highways are required to make a report to the town board annually, in which they must give an itemized account of all moneys paid out during the year, with receipts in full by the respective parties to whom such money was paid. They must also present a statement of the improvements necessary to be made on such highways and bridges, and an estimate of the probable expense thereof, beyond what the labor to be assessed in that year will accomplish; and the board of supervisors shall cause the amount so estimated, not exceeding five hundred dollars in any one year, to be assessed, levied and collected in such town, in the same manner as other town charges.

By the Town Law, section 2, " A town is a municipal corporation comprising the inhabitants within its boundaries, and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as have been, or may be *conferred or imposed* upon it by law."

Section 161 requires that all town officers, who receive or disburse any moneys of the town, shall account with the board for such moneys, and section 162 provides for the auditing of such accounts by the town board.

Section 167 provides for the form of the accounts presented for audit, and the verification thereof.

Section 180 declares what shall be deemed town charges, and among other matters specified is, " 2. The contingent expenses necessarily incurred for the use and benefit of the town," but, "All town charges specified in this section shall be presented to the town board for audit."

Section 12 provides that " any action or special proceeding *to enforce the liability* of the town, upon any such contract (*i. e.,* a contract lawfully made with any of its town officers)   *   *   * shall be in the name of the town; and all contracts made by *such officers for and in behalf of their towns,* shall be in the name of the town. When such contracts are otherwise lawfully made, they shall be. deemed the contracts of the town, notwithstanding it is omitted to be stated therein that they are in the name of the town."

In Robinson v. Town of Fowler, 80 Hun, 101, the court quoted from a decision in 74 N. Y. 310, to this effect: " Under our system no corporate duty is imposed upon towns in respect to the care, superintendence or regulation of highways within their limits. Commissioners of highways have, by the statute, the care and superintendence of highways and in the administration of the highway system they, and the overseers of the highways in subordination to them, are independent public officers, exercising public powers, and charged with public duties, specially prescribed by law." The court then made this observation: " *We are not aware that any change has been made in regard to the control or repairing of highways in towns since the above cases were decided.*" And, referring to section 16 of the Highway Law, by which towns are made liable for damages sustained by reason of defective highways, it was remarked that this section " did not give to towns the right to repair highways or bridges or divest the commissioners of highways of control thereof," and, in reference to section 182, Town Law, the court said: " But it will be observed that the section referred to *only authorizes such an action where there is a liability of the town   *   *   *   under principles that are well settled, cannot be deemed to enlarge the liability of towns for the acts of town officers, except as plainly declared in the statute.*"

In People ex rel. Bevins v. Supervisors, 82 Hun, 300, the court

followed the adjudications made prior to the Town Law, and quoted the doctrine there laid down: A highway commissioner cannot bind the town, except under a power expressly conferred by statute; that the commissioners were in no sense the agents of the town in the performance of their official duties. "While acting in that capacity, under the powers conferred upon them by statute, they proceed independently of any control or direction on the part of the town, and owe it no duty or obligation, except to disburse the moneys with which they are supplied by the town in good faith and according to their best judgment. They have no general power or authority to bind the town by their contracts or undertakings, and are individually responsible alone to those with whom they contract, if any responsibility is thereby created."

In People ex rel. Bowles v. Burrell, 14 Misc. Rep. 217, Justice Rumsey held that highway commissioners have no power to pledge the credit of the town for materials for the repair of highways, and the person furnishing such material has no claim therefor upon the town, notwithstanding the existence of a local custom to buy such material upon credit. He declared that a careful examination of the Highway Law satisfied him that it "created no change in the powers of the highway commissioner, and that the town is no more liable for his acts in the purchase of material for the repair of the roads, since the passage of that law, than it was before." And further he said: "The commissioner of highways is not the agent of the town. He is required only to perform such duties as the law imposes upon him, and those duties are public in their nature *and are imposed upon him and not upon the town.* He may bind the town, to be sure, by his negligence in performing those duties, but that is not because he is agent of the town, but because the law says that the town shall be responsible for his failure to perform the act which the law makes it his duty to do. So far as the town is concerned, his powers are laid down in the statute, and the statute nowhere gives him the power to bind the town by contracting a debt. * * * The town itself can contract no liability, * * * except such as the law permits; much less can officers of the town, like commissioners of highways * * * who are not in any respects agents of the town, but public officers charged with public duties by the

15

legislature of the state, contract a debt against the town which it could not contract itself."

In People ex rel. Peterson v. Clark, comprising the town board, 45 App. Div. 65, it was held that where the appropriation for the improvement of highways, etc., made under section 19 of the Highway Law, is insufficient, the proper course, of the commissioner, is to apply, under sections 10 and 11 of that law, to the town board for consent to make the necessary improvements. In the absence of such consent, the highway commissioner has no power to proceed with the improvements, and apply in payment thereof the appropriation for the succeeding year; and expenditures so made create no legal claim against the town. The court said: " We are unable to find in the Highway Law, or other statutes of the State, *any provision authorizing a highway commissioner to create a debt* against a town, except in the manner provided in the tenth *section of the Highway Law,*   \*   \*   \* We think it is clear that, under the provisions of the Highway Law, the money raised in January, 1899, for improvements *to be* made on the highways of the town, could not legally be expended or used to pay expenses made by the commissioner on account of the highways and bridges beyond the appropriation of the prior year. Such expenditure was unauthorized and created no legal claim against the town. 93 N. Y. 397; 74 id. 310; 82 Hun, 298. We should prefer to reach another conclusion for the reason that the town of Austerlitz appears to have had the benefit of the team work and expenditures on the highway made by the highway commissioner, and it is not suggested that his claim, if authorized by statute, was not a just and reasonable one. But under the provisions of the Highway Law referred to and the authorities above cited, we feel compelled to hold the action of the town board in allowing the demand in question unauthorized."

In Snowden v. Town of Somerset, 52 App. Div. 88, an action to recover damages for injuries alleged to have been sustained, by reason of defective highway, Williams, J., said: " The town, as such, never had any duty with reference to the highways imposed upon it. The town never had any power to lay out or discontinue a highway, to improve or repair it. The commissioner of highways, though a town officer, was in the sole care of the highways, and the town had no right to direct his actions with reference thereto." Consequently, the town, in its corporate capacity,

could not be chargeable with negligence for failure to care for the highway; but the cause of action must be based upon the negligence of the commissioner.

If the town was liable for the payment of this claim, the claim would have to be presented to the town board for audit, in the manner and form prescribed by the statutes, and be passed upon by such board, which requirements, it was conceded, upon the argument, were not complied with in this case.   People ex rel. Hamm v. Town Auditors, 43 App. Div. 22; People ex rel. Bevins v. Supervisors, 82 Hun, 302; People ex rel. Myers v. Barnes, 114 N. Y. 324-325; also, note of editor of Ninth Edition of the Revised Statutes, under section 162 of the Town Law.

In view of the foregoing decisions and judicial opinions it is clear that this action cannot be maintained against the town, but the action must be brought, as formerly, against the commissioner of highways.   It will be observed that, by section 4 of the Highway Law, the commissioners of highways are vested with the power, as independent public officers, to care for and superintend the highways and bridges of the town, and the duty or obligation is imposed upon them to keep the same in repair.   Since the commissioners would be unable to perform the duties imposed, without the necessary funds, the law makes express provision for that purpose (§ 19), and authorizes and directs that the funds so appropriated for highway purposes, shall be expended by the commissioners, " in such proportion as they may deem just and proper." § 4.   If extraordinary repairs become necessary, and the funds supplied are insufficient for the purpose, the law provides the method of procedure to be taken by the commissioners, with the consent of the town board, whereby a legal obligation to pay for the necessary expenditure may be created directly against the town itself.   §§ 10, 11, 12.   In no other way may the commissioners create an obligation or liability against the town.

There is no provision contained in the Town Law, conferring upon the town, in its corporate capacity, the power to care for, control or superintend the highways, nor is there any duty imposed upon the town to keep the same in repair.   And, since this power and the correlative duty have never been " conferred or imposed upon it by law " (Town Law, § 2), but, on the contrary, have been reposed elsewhere, it is evident that the fact, towns are declared to be municipal corporations, with power to sue and

liability to suit, is a matter of no consequence. In respect to section 182 of the Town Law, it may be observed that its provisions do not empower the commissioners to enter into any contract "for and in behalf of their towns," and, therefore, such contracts cannot "be deemed the contracts of the town," and no action can be maintained "to enforce the liability of the town upon any such contract" since no such liability exists.

The contract made and the liability created is made and created by the commissioners *personally*, not as agents of the town, but as independent public officers expressly charged with the duty of keeping the highways in repair. This section in no manner alters the statutory law, as it existed prior to 1890, nor does it nullify the judicial interpretations of such law, as evidenced by the previous decisions, in respect to the legal relations of the commissioners to the town.

The judgment appealed from should be reversed.

Judgment reversed, with costs.