WILLIAM WRIGHT, Respondent, *v.* THE TOWN OF WILMURT, Appellant.

(County Court, Herkimer County, July, 1904.)

Highways — Power of town highway commissioner to create a liability — Necessity of audit.

> No statute authorizes a town highway commissioner to create a liability, upon the part of his town, to a person he hired to cut brush along a town highway, and even if such a liability were created it would not become actionable until the claim had gone before the town auditors.

APPEAL from a judgment, rendered in a justice's court of Herkimer county, in favor of the plaintiff and against the appellant for $120.15 damages and costs.

C. B. Hane, for appellant.

James Coupe, for respondent.

DEVENDORF, J.   The plaintiff brought this action in the court below to recover $105.60, contract price for labor and services rendered by him in cutting brush upon the highways in said town.

The evidence, as submitted by the plaintiff upon the trial of this case and as ascertained in the return, is not sufficient to sustain the judgment appealed from.

Giving the broadest scope possible to the plaintiff's case, he established nothing beyond the facts that the plaintiff had rendered services, pursuant to contract or agreement with the highway commissioner of said town, cutting brush along the highway therein, that he had not been paid for such services, and that the value of the contract price therefor amounted to $105.60.

The appellant attacks the judgment in this case upon several grounds of alleged error, but let us assume that all rulings herein were legal, and then determine whether the case can be sustained on the merits.

The proposition then would be whether a town is liable to pay for services, rendered for or pursuant to agreement with

a commissioner of highways, in cutting brush within and along the highway, and if so, whether an action can be maintained against the town therefor without presenting the claim for audit to the auditing board of the town. I think it is well settled that highway commissioners have no general power or authority to render a town liable for the performance of contracts entered into by them. People ex rel. Everett v. Board of Supervisors, 93 N. Y. 397. And that commissioners are in no sense agents of the town in entering into contracts in the performance of their official duties; they cannot bind the town in that regard unless that power is expressly conferred by statute. People ex rel. Bevins v. Supervisors, 82 Hun, 298; Lyth & Sons v. Town of Evans, 33 Misc. Rep. 221; People ex rel. Bowles v. Burrell, 14 id. 217.

Section 10 of the Highway Law, which provides for extraordinary repairs, authorizes the commissioner to create a debt against a town, or render a town liable thereunder, if acting strictly pursuant to and within the scope and powers conferred by said section, but not otherwise. People ex rel. Peterson v. Clark, 45 App. Div. 65; Lyth & Sons v. Town of Evans, 33 Misc. Rep. 221.

There are no allegations or proofs herein which bring the case within the provisions of said section 10, neither does section 182 of the Town Law authorize this action. That section does not empower commissioners to enter into any contract for or in behalf of their town, and its provisions authorize actions only where there is a liability; no rule of law is enacted thereby which creates a liability upon the part of the town where none formerly existed. Colby v. Town of Day, 75 App. Div. 211; Robinson v. Town of Fowler, 80 Hun, 101.

Without further reference to the authorities the conclusion is easily reached that the commissioner of highways by entering into an agreement for the cutting of brush within and along the highway, at a fixed price per rod, created no debt for the recovery of which an action could be maintained against the town.

But, even if a liability by contract were created, the claim

would have to go to the town auditors before action or proceedings could be maintained.   33 Misc. Rep. 221; 43 App. Div. 22; 82 Hun, 302; 114 N. Y. 324; 93 id. 403; 84 App. Div. 83.

If the auditors failed in their duty, remedy by mandamus or otherwise could be invoked.'

As the evidence in this case does not establish a liability on the part of the town to pay for the cutting of brush along the highways, the judgment recovered in the court below must necessarily be reversed.

My attention has been called to many rulings of the court upon the trial, the appellant contending that evidence was illegally received against its objection, and that evidence offered by it was also illegally excluded.

Without mentioning the instances in particular, I agree with the appellant in that regard, that evidence offered by the appellant was excluded in the case illegally, and were there no other reasons, I believe such erroneous rulings would require a reversal of the judgment.

I am content, however, to say, that the evidence in the case falls far short of establishing a valid claim against the town of Wilmurt, or establishing a right of action herein against it, and hence the judgment appealed from must be reversed, and judgment accordingly will enter.

Judgment reversed.