In the Matter of the Application of JOHN FLIKE and FLOYD FLIKE, Petitioners, for a Certiorari Order against DANIEL F. STROBEL, Supervisor, MABEL REINHARDT, Clerk, and ADELBERT DAVIS and Others, Justices of the Peace, Being the Town Board of the Town of Ohio, County of Herkimer and State of New York, Respondents.

Fourth Department, June 30, 1937.

*O. L. Van Horne* [*Theodore P. Feury* of counsel], for the petitioners.

*Donald L. Brush,* for the respondents.

CUNNINGHAM, J.   There are two petitioners, John Flike, superintendent of highways of the town of Ohio, and Floyd Flike, the assignee of claims of persons who worked upon the highways of

such town under the direction of the superintendent of highways. In this proceeding to review the action of the town board which rejected their claims, they ask that the determination of such board be annulled and that their claims be allowed.

The petitioner John Flike, at the election held in November, 1935, was duly re-elected superintendent of highways of the town of Ohio for the term of two years. At the time of his election in 1935 the petitioner was then occupying the office of superintendent of highways of the town of Ohio under a previous election. During the year 1936 the petitioner duly performed the duties of superintendent of highways of the town of Ohio.

It is admitted that the compensation of such superintendent had been fixed by the town board at the rate of five dollars and forty cents per day.

This petitioner presented a claim to the town board for services performed during the year 1936 at the rate of five dollars and forty cents per day, amounting to the sum of $1,609.20. The town board on the 28th day of December, 1936, refused audit and payment of this claim upon the ground that the funds available were not sufficient to pay the same.

The superintendent of highways of a town is an elective town officer; he has to file an oath of office and an undertaking; his compensation must be fixed by the town board. (Town Law, §§ 20, 25, 27.) He has important duties prescribed by law. (Highway Law, § 140.) His compensation is a town charge. (Town Law, § 102.)

The town is liable for the salary of the superintendent of highways even though an appropriation has not been made for the same. (*O' Neil* v. *State of New York*, 223 N. Y. 40.)

The claimant in that case was a member of the State Athletic Commission and served as such from July 26, 1911, to October 8, 1915. An appropriation was not made for the payment of claimant's salary for the period between May 22, 1915, and October 1, 1915. The court said that the right of claimant to his salary was clear, " not because there was any express contract between the officer and the State [citation], but because the salary was an incident to the office [citations]. If the State could deprive him of that right by refusing to make an appropriation therefor it would be impairing its direct obligation to pay him."

The town board had power to audit the claim for salary of the superintendent of highways and to raise the money to pay the same. (Town Law, §§ 122, 124.)

It follows that the town board did not have the right to reject the claim of the petitioner John Flike.

The other petitioner, Floyd Flike, is the assignee of the claims of a number of persons who performed labor in connection with the removal of snow from the highways in the town of Ohio during the season of 1936. This claim amounted to $1,248.60. The town board rejected the claim of Floyd Flike upon the ground that there was not any money in the highway fund which could be used in payment of the wages of the men who had assigned their claims to him.

The town superintendent of highways, in a town not operating under the budget system, is required, on or before the thirty-first day of October in each year, to make an estimate of the amount of money which should be raised by tax in the town for the ensuing year for highways and bridges. (Highway Law, § 141.)

The town board may increase or reduce the estimate so submitted and approve the same as increased or reduced, and the board of supervisors shall cause the amount thereof so approved to be levied and assessed upon the property of the town. (Highway Law, § 267.)

The town superintendent of highways may not incur any debt or expense in moneys in excess of the amount raised by taxation for highway purposes or otherwise added to the highway fund by the town board. (*People ex rel. Peterson* v. *Clark*, 45 App. Div. 65; *People ex rel. Everett* v. *Board of Supervisors*, 93 N. Y. 397; *People ex rel. Morey* v. *Town Board*, 175 id. 394.)

Therefore, the town board was justified in refusing to audit a claim for wages of laborers employed by the town superintendent of highways if there were no moneys in the highway fund available to make such payments. However, the return shows that there is a balance of $717.10 in the highway fund of the town of Ohio for the year 1936 for miscellaneous items. This amount is applicable to the payment of the claim of the petitioner Floyd Flike, and should be applied thereon.

The determination of the town board as to each of such claims should be annulled and the board should be directed to audit the claims of petitioners in accordance herewith, with fifty dollars costs and disbursements.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Determination of the town board of the town of Ohio annulled on the law and town board directed to audit the claims in accordance with the opinion, with fifty dollars costs and disbursements.