Johh J. Walsh, J.
This is a motion for judgment on the pleadings (Rules Civ. Prae., rule 112), or in the alternative for summary judgment (Rules Civ. Prac., rule 113).
The County Court has concurrent jurisdiction with the Supreme Court of proceedings for judicial review of matters relating to village elections. (Village Law, § 53-a.)
Plaintiff, Homer Clark, who prior to the village election in March, 1960, was the duly elected Police Justice of the Village of Bridgewater, Oneida County, New York, commenced an action seeking judgment that the March, 1960 village election there *323 be declared null and void; that the designation of the defendant Robert Pritchard as the duly elected Police Justice be declared illegal; that the defendant village be restrained from qualifying and paying the defendant Pritchard; that defendant Pritchard be restrained from acting as Police Justice; and that a special election be held for the office of Police Justice.
The plaintiff complains that he was notified by the Village Clerk of the Village of Bridgewater one or two weeks prior to the March election that the office of Police Justice did not expire until the following January and so would not be placed on the ballot, thereby denying him an opportunity to circulate petitions for the inclusion of his name on the printed ballot. He further claims that the first publication under section 52 of the Village Law omitted the office from those to be voted upon. Thereafter, the Village Clerk determined that this advice was inaccurate and advised plaintiff of the error and included plaintiff’s name on the printed ballot by her handwriting. She likewise added the name of the defendant, Robert Pritchard, whose candidacy originated the day before the election. There was published in the official newspaper of the village the proper notice that the office of Police Justice would be voted upon at the election but instead of the 10-day notice required by the statute, it was published the Friday before election.
In the subsequent election, the defendant Pritchard received 49 votes and the plaintiff Clark 39 votes. No dispute arises over the tally of the ballots themselves nor the fact that defendant Pritchard received the majority of the votes cast. The sole dispute is over the validity of the election procedure.
Since the procedure falls into convenient categories, it will be considered in logical sequence:
1. Notice of the Election
Regardless of whether section 52 of the Village Law was complied with either exactly or substantially (Cortlandt v. Village of Peekskill, 281 N .Y. 490) that section provides that “ an annual election of the village officers shall not be invalid because of a failure to give such notice.” It is the opinion of the court that under this section the election for Police Justice of the Village of Bridgewater was properly held despite lack of notice and could not be invalidated for that reason.
2. Method of Nominating Candidates
Apparently both the plaintiff and defendant orally requested the Village Clerk to place their names on the ballot and this was done. It appears that this procedure has been regularly fol *324 lowed in the village for many years not only for the office of Police Justice but for the other village offices. In fact it is claimed without denial that plaintiff was aware of the procedure as he had done the same thing when he was a candidate for Police Justice and was elected at the previous election.
Defendants do not deny that no nominating petitions were filed pursuant to the Election Law or the Village Law. They claim that it has been the custom in the Village of Bridgewater for over 25 years for the respective candidates to orally inform the Village Clerk that they wished to run for a particular office. The Clerk then entered that person’s name on the ballot.
While irregular, it is the opinion of this court that this should not invalidate the election since both the plaintiff and defendant Pritchard were both treated in like manner.
In the absence of a clear showing that anyone was harmed or prejudiced in the election by the inclusion of the candidates’ names by request, the election should not be disturbed. (Matter of Smith v. Village of Fort Edward, 1 A D 2d 908, affd. 1 N Y 2d 690.)
By setting aside this election, the court would cause considerable havoc in the affairs of the Village of Bridgewater. Such a decision would call into question every decision made by plaintiff during his term of office as Police Justice as well as the actions of the other village officers in collecting taxes and paying bills.
In the absence of a showing of fraud or prejudice, this motion must be denied, without costs.