John J. Walsh, J.
Plaintiff has commenced an action against defendant and in his complaint demands judgment:
First, that the designation of the Village Board of the Village of Bridgewater of the defendant Pritchard as the duly elected Police Justice of the village as a result of the election of March, 1960 be declared null and void.
Second, that the court declare that the village has no right or authority to so designate the defendant Pritchard.
Third, that the village be restrained from any further acts pursuant to the designation.
Fourth, that the defendant Pritchard bé restrained from acting as such Police Justice.
Fifth, that the election of March, 1960 be declared null and void.
Sixth, that the court direct a special election to choose a Police Justice.
A previous motion for summary judgment was denied. In that opinion (26 Misc 2d 322) this court reviewed the election and denied the motion upon the ground that under the Election Law that plaintiff was not prejudiced by the technical failure to observe the letter of the law in giving notice of such election.
Plaintiff now moves for reargument upon the ground that the court mistakenly' decided the issue upon the Election Law whereas actually this is a taxpayer’s action under section 51 of the General Municipal Law. Plaintiff says that he is suing not as a defeated candidate but as a taxpayer.
Defendants contend that there is no power in the County Court to hear such a proceeding since it is a court of limited *717 jurisdiction and only has such powers as are prescribed by statute.
. It will not be necessary to resolve the question of jurisdiction because this court is satisfied that fundamentally the plaintiff has mistaken his remedy.
“ This action is prosecuted by the plaintiff under the statute commonly known as the ‘ Taxpayer’s Act,’ to restrain the doing of alleged illegal acts on the part of public officials. We do not think the taxpayer’s act authorizes the bringing of an action to test the right of a person to an office, or to restrain the exercise of official powers. It authorizes a taxpayer to bring an action against those occupying municipal offices from doing illegal acts (see sections 50 and 51 of the General Municipal Law); but the entire statute proceeds upon the theory that the official whose acts are sought to be restrained is lawfully in office, and threatens to do some illegal act.
“ The act is not framed to afford relief where it is claimed the defendant has no right to the office, and where the relief sought is to oust him from office, or prevent him from assuming office. Greene v. Knox, 175 N. Y. 432, 67 N. E. 910. This is exactly what the plaintiff seeks to accomplish in this action, as shown by the prayer for judgment.” (Jewell v. Mohr, 136 N. Y. S. 273, 274-275.)
Motion for reargument granted and upon reargument original determination affirmed.