Edward M. O’Gorman, J.
Confronted with a history of expenditures which exhausted certain budgeted amounts approved for the Department of Highways in prior years, and having concluded that the Highway Department budget for the year 1976 was in some respects being prematurely exhausted, the defendant town board issued an order dated August 16, 1976 addressed to the employees of the Highway *1064 Department advising them as follows: "Effective September 1, 1976, the Highway Department of the Town of Goshen will close for an undetermined period of time by Order of the Town Board.”
The board also adopted a resolution as shown by the minutes of the meeting of August 26, which provided in part as follows: "to withdraw all funds from most of the Highway Accounts to Debt Service Account that will be used to pay the debts.” The board further notified suppliers of materials for use by the Highway Department that no further supply bills would be approved by the town board after September 1, 1976.
The Town Superintendent of Highways and employees of his department subsequently brought an action seeking damages and a declaration that the attempted termination of their activities was illegal.
The plaintiffs now move by way of order to show cause for a preliminary injunction restraining the defendants from "unilaterally terminating the employment of the plaintiffs and the closing of the department of highways of the Town of Gosh-en.”
The conflict between the Goshen Town Board and the Superintendent of Highways in this case has its roots in the peculiar nature of the legislation which created these offices. Section 140 of the Highway Law has constituted the superintendent of highways as an officer elected independently of the other members of the town board, with independent responsibility for the maintenance and repair of town highways and bridges and the removal of obstructions caused by brush and snow, and has conferred on that officer the power independently to employ and direct such persons as may be necessary to carry out that responsibility.
It is also the duty and responsibility of the town superintendent to prepare an annual budget to cover the requirements of his department for the various mandated town highway items for each fiscal year (Highway Law, § 141; Town Law, § 104). This budget is subject to modification and approval by the town board (Highway Law, § 285).
The town board, on the other hand, has the responsibility for receiving and securing the deposit of the public funds raised by taxation and such other funds as are allocable to the highway budget. The responsibility for the management and control of these funds is vested in the supervisor as fiscal officer of the town, who is also charged with the responsibility *1065 of keeping detailed books of account on each of the funds allocable to each of the items of the highway budget (Highway Law, § 289).
Pursuant to the provisions of section 284 of the Highway Law, the fiscal officer of the town must pay out said highway funds on the vouchers approved by the town superintendent, subject to certain legal restraints as hereinafter indicated.
The first of these restraints is contained in section 284 of the Highway Law, which requires that the superintendent and the town board enter into an agreement as to the manner in which the moneys levied and collected for the repair and improvement of highways and the moneys received from the State for that purpose shall be expended. This agreement must also be approved by the County Superintendent of Highways. The supervisor may not make any payments for highway repairs in the absence of such an agreement, nor may repairs and improvements be made in the highway system of the township in a manner other than as set forth in such agreement (see Matter of Hiscox v Holmes, 237 App Div 240).
The superintendent may not divert moneys appropriated for expenditures called for by such agreement to other highway projects (see Matter of Carlisle v Burke, 82 Misc 282). The supervisor may not pay claims for these purposes if such claims would overdraw an appropriate account (see 6 Opns St Comp, 1950, p 290).
The second of these restraints is the rule that limits the authority of the Highway Superintendent to act within the area of his responsibility to the limit of the funds lawfully made available for such purposes (see Highway Law, § 284; People ex rel. Fellows v Early, 106 App Div 269). He may not incur debts or expenses in excess of the amount raised for highway purposes by taxation or added for such purposes by the town board (see Matter of Flike v Strobel, 252 App Div 35; Gardner v Town of Cameron, 155 App Div 750). Only the existence of emergency or unforeseen circumstances would justify incurring expenses over and above the amounts budgeted therefor (Coggeshall v Hennessey, 279 NY 438, 448; Matter of Davis v Sharp, 30 NYS2d 441, mod 265 App Div 825).
Failure to observe the laws applicable to budgetary restraint has serious consequences. When an officer, board or department shall contract to expend any money or incur any *1066 liability in excess of the amount appropriated to it, such contract or claim shall be null and void as to the town, and no money belonging to the town shall be paid thereon unless the town board has acted to transfer surplus pursuant to sections 112 and 113 of the Town Law (Town Law, § 117). If a town superintendent’s expenditures in a fiscal year exceed the amount appropriated for a particular item or transferred to it pursuant to other provisions of law, he is personally liable on the obligations he has thus incurred (Lyth & Sons v Town of Evans, 33 Misc 221), and continued persistence in such a practice to the detriment of the township may also be grounds for the removal of the superintendent of highways pursuant to section 160 of the Highway Law.
The town superintendent of highways may not order payment, and the town board may not pay from current funds, bills which have accrued from prior years unless those expenses are the result of the emergency or unforeseen circumstances heretofore referred to.
Applying the statutory regulations previously discussed, the resolution of August 26, 1976 purporting to withdraw funds from the highway accounts, and the letter terminating the employment of highway department employees, can, in view of the independent authority of the superintendent, be given no legal force and effect, and are herein declared to be a nullity. However, the testimony herein indicates that no funds have in fact been transferred from the highway accounts, and that the status of those accounts will remain unchanged until the issues raised by this motion have been determined.
However, the town board may, if the analysis of its highway accounts so indicates, refuse to make payment for obligations incurred which are in excess of budget amounts. While there is no specific statutory regulation, it would seem unreasonable to require the town board to await the actual depletion of all of its funds in any particular account before refusing to make further payments in particular categories. Should such be the case, the town might be left with substantial unpaid accounts for which there were no funds from which payment could be made. It seems clear, therefore, that the town board, by the application of sound accounting principles, may earmark funds in the various accounts in the highway budget for the payment of obligations already incurred during, the fiscal year, and limit new expenditures to the remainder.
If, despite advice from the town board that it will not *1067 approve further payments because of budgetary deficiencies, the superintendent shall continue to incur obligations in connection with the operation of his department, he may become personally liable for the payment of those obligations (see supra), if it should turn out that he had in fact exceeded the appropriated amounts. As a last resort, should circumstances justify, a town superintendent of highways may be removed from office pursuant to the procedure set forth in section 160 of the Highway Law.
In the event that the town board should fail to meet any of its responsibilities in connection with the management of the funds of the Highway Department and the payment of claims authorized to be paid by the town superintendent, the law has provided ample machinery by way of review and mandamus to compel the board to meet its obligations.
For this reason, except to the extent herein granted, the motion for a temporary injunction herein will be denied.
In this case, as in any other, the interest of the people can only be furthered when those in office follow the rules. It is time now that the Town Board of the Town of Goshen and its Town Superintendent of Highways cease to war with one another and proceed with the business for which they were chosen, which is the proper maintenance of the facilities of the township within the amounts that have been appropriated for that purpose.