BRYAN J. HUGHES, ESQ. Town Attorney, Constable
This is in response to your letter requesting the opinion of the Attorney General with respect to the following matter. You state that you are the attorney for the Town of Constable, located in Franklin County. The office of superintendent of highways in the Town is appointive, and the Constable Town Board, at the time of the appointment of the present highway superintendent, enacted a resolution making the position terminable by either the Town Board or the Supervisor. You further state that, recently, certain allegations of misconduct have been raised against the superintendent of highways. This has resulted in the Town Board voting (2 in favor, 2 abstentions and 1 absent) to dismiss him. You inquire, therefore, whether the Town Board is authorized to remove the highway superintendent in this manner and, if so, whether the vote taken was sufficient to authorize removal. You additionally inquire, in the event that the removal procedure described above is unauthorized, whether the Town is limited to the alternative procedures for removal provided under section 36 of the Public Officers Law and section51 of the General Municipal Law.
Every town within the State is required, pursuant to section 20 of the Town Law, to have a town superintendent of highways. The superintendent is an independent town officer with power independent of the town board to employ and direct such persons as may be necessary to carry out his statutory responsibilities (Myruski v. Town Board of theTown of Goshen, 386 N.Y.S.2d 984, 986 [Sup. Ct., Orange Co., 1976]). The powers and duties of the highway superintendent are provided for in Article 7 of the Highway Law. The office of highway superintendent may be either elective or appointive, as is provided pursuant to section 20
of the Town Law (see 1976 Atty. Gen. [Inf.] Nov. 23). Thus, the highway superintendent in many towns, including the Town of Constable, is appointed to his office by the town board.
The term of office of the highway superintendent of the Town of Constable would therefore be governed by the provisions of section 24 of the Town Law, which state, in pertinent part, as follows:
 "The town clerk, the town superintendent of highways,
the receiver of taxes and assessments, the town engineer and the town attorney, whenever appointed, shall hold their respective offices until the first day of January next succeeding the first biennial town election held after the time of their appointment. All other appointed officers and employees shall hold their respective offices and positions at the pleasure of the town board, except as otherwise provided by law." (Emphasis supplied.)
Pursuant to the above statute, the appointive highway superintendent in the Town of Constable holds a definite term of office, extending until the first day of January following the first biennial town election after his appointment. Therefore, the Town Board's action in making the position "terminable," either by the Board itself or the Supervisor, contravenes the provisions of section 24 of the Town Law and is therefore unauthorized.
Since the Legislature has provided for a fixed term of office for the appointed highway superintendent, he can only be removed by specific statutory authority (Matter of Sullivan v. Taylor, 279 N.Y. 364, 369). As you mentioned in your letter, section 36 of the Public Officers Law provides for the removal of town officers by the Supreme Court for misconduct, malfeasance or malversation in office. A town highway superintendent, or an officer of the town, could thus be removed under that section. However, statutory authority providing specifically for the removal of a town superintendent of highways is contained in section 160 of the Highway Law. Under that section, removal is effected by the Department of Transportation upon written charges preferred by the town board or the county superintendent of highways, for misfeasance or malfeasance in office. The specific procedures to be followed are enumerated therein.
Section 51 of the General Municipal Law, however, is a taxpayer's action statute utilized to restrain the doing of alleged illegal acts by public officials, but it is not framed for the purpose of removing such public officials from office (Clark v. Pritchard,28 Misc.2d 716 [County Ct., Oneida Co., 1961]).
We conclude, therefore, that the Town Board of the Town of Constable is not authorized to provide, by resolution, that the position of town superintendent of highways be terminable at the will of the Town Board or the Supervisor. The superintendent serves a fixed term of office and may only be removed from office during his term pursuant to section36 of the Public Officers Law or section 160 of the Highway Law.